IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | CIVIL ACTION NO: 15:cv-61960-BB |
| Plaintiff, | HON. JUDGE BLOOM |
| v. | |
| MINTCO LLC, RICHARD Q. ZIMMERMAN, and STUART RUBIN, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER**

Plaintiff, the United States Commodity Futures Trading Commission ("Commission" or "CFTC"), respectfully submits the following response to Defendants' (or "Mintco's") "Motion to Transfer Related Case" ("Transfer Motion") (ECF No. 11).

Defendants' motion seeks to transfer this case to Judge Ryskamp as a case related to *CFTC v. Worth Group, Inc., et al.,* Case No. 13-cv-80796-KLR ("*Worth*"). Defendants' Transfer Motion is pursuant to this Court's Internal Operating Procedure 2.15.00(C). Under that internal procedure, the decision to transfer an action to a different judge in this District is "wholly discretionary," and the parties "have no standing to dictate which judge should preside over this action." *SEC v. Regions Bank*, No. 09-22821-Civ., 2010 U.S. Dist. LEXIS 95736, at *9 (S.D. Fla. Aug. 31, 2010). The Commission is unaware of any case in which transfer occurred pursuant to IOP 2.15.00(C) upon a party's motion. Moreover, the reason underlying a transfer pursuant IOP 2.15.00(C) is not present here.

1

Counsel for Mintco recently filed a nearly identical transfer motion in another case involving a different Worth retailer, *CFTC v. International Monetary Metals, Inc., et al.* No 14 – cv – 62244 – WJZ ("IMM")(IMM ECF 12), which the court denied *sua sponte* (IMM ECF 37) even though Judge Ryskamp had the Worth matter active on his docket at the time.  Counsel's filing of the same motion here is motivated solely by judge-shopping – a practice that IOP 2.15.00(C) was intended to prevent,  s*ee, e.g., Bettis v. Toys "R" Us,* 646 F. Supp. 2d 1273, 1297 n. 10 (S.D. Fla. 2009) (noting that the IOP "acts to prevent any litigant from 'judge-shopping'"), and a transparent attempt to avoid clear Eleventh Circuit precedent in *CFTC v. Hunter Wise Commodities, LLC, et al*. 749 F 3rd 967 (11th Cir. 2014) establishing the CFTC's jurisdiction over the Mintco transactions at issue in this lawsuit.

A.     **TRANSFER OF THIS CASE WOULD NOT PROMOTE JUDICIAL ECONOMY**

1.     **The Defendants, Transactions and Allegations Here Differ from *Worth***

Defendants' claim that this action and *Worth* are "related" and that judicial economy would be served by transferring the case is not supported.  In fact, the defendants, transactions, and allegations are different here than in *Worth* – and Judge Ryskamp has entered an order closing his case – therefore, transfer would not promote any judicial economy.[1]

None of the Defendants here were named parties in the *Worth* case. In fact, Mintco is no differently situated from approximately 50 other firms potentially liable for soliciting retail customers for illegal metals transactions with Worth which were not adjudicated in that proceeding (*see* "Plaintiff's Response to Defendants' 'Notice of Related or Similar Actions'," *IMM* (ECF No.10) at p. 2.

---

[1] On November 20, 2015, the Court, *sua sponte*, closed the case and held that once a settlement was finalized; the parties could move to reopen the case.  The Court recently denied a motion to reopen the case but confirmed that it would entertain a motion to do so once a final proposed consent order was approved by the CFTC and presented to the Court.  (*Worth* ECF No. 189)

Defendants' Transfer Motion repeatedly claims that "all the transactions" at issue here were already the subject of the *Worth* complaint. That is simply not the case. There are different time frames and fraud allegations specific to Mintco and its dealings with its customers. This lawsuit includes over two years of transactions that were not included in the *Worth* case. By contrast, in *Worth,* the relevant time frame concludes with the filing of that complaint on August 13, 2013.

Finally, this suit includes allegations of fraudulent conduct against Mintco which are different than the allegations made against Worth. Specifically, the complaint against Mintco alleges that the retailer made misrepresentations about its relationship with its customers and about the "break-even point" on investments in financed transactions and failed to disclose to its customers that over eighty percent of its customers lost money. These allegations were not made in the *Worth* lawsuit.

### 2. Rulings in *Worth* Do Not Negate the CFTC's jurisdiction over Mintco's Transactions

Defendants' motion also relies on, at best, an erroneous reading of *Worth*. Nothing in the *Worth* court's rulings support Mintco's baseless claims that the court determined the CFTC had no jurisdiction over the *Worth* transactions. Indeed, the court in *Worth* entered a Consent Order of Preliminary Injunction and Other Ancillary Relief (*Worth* (ECF No. 61) that enjoined Worth from violating certain provisions of the Act. Later, the court denied Worth's motion to dismiss (*Worth* (ECF No. 79), finding that the CFTC had jurisdiction over the alleged transactions and that the complaint, as filed, stated a claim for fraud. The court also denied the parties' cross-motions for summary judgment. (ECF No.181) None of these rulings make any final determination that prevents the CFTC from establishing jurisdiction over the transactions at issue here.

In their desperate attempt to get more mileage out of Judge Ryskamp's ruling than is justified by the facts, the Mintco Defendants also argue that he concluded that Worth was making "timely 'actual delivery' within the meaning of Dodd-Frank" and that the same ruling should be made here. In fact, Judge Ryskamp made no such ruling and specifically noted (*Worth* Order Denying Motion to Amend, ECF No. 131 at fn. 1) that he "will not examine the competing arguments regarding the holding of *Hunter Wise* because the Court denies leave to amend the complaint on grounds of untimeliness, imposition of undue prejudice on Defendants and impingement of Defendant's due process rights." Indeed, Judge Ryskamp's order made no effort to distinguish the clear precedent in the Eleventh Circuit that specifically recognized the "ordinary meaning" of "actual delivery" as contained in Section 2(C)(2)(D) of the Act, and found that the meaning of "actual delivery" was unambiguous. *See Hunter-Wise,* 749 F.3d at 980 ("Lastly, while we need not turn to the Commission's informal interpretation because 'actual delivery' unambiguously excludes the constructive delivery [Defendants] argue occurred…"). Thus, the Eleventh Circuit's conclusion that "actual delivery" was unambiguous also forecloses any argument that Defendants' due process rights are being violated based on a lack of fair notice due of the "vagueness" of the term "actual delivery" or that there has been a controlling adjudication regarding actual delivery in connection with Worth transactions.[2]

In sum, nothing in the court's rulings in *Worth* denies the underlying basis for the Commission's jurisdiction over precious metals' transactions.

---

[2] The Defendants also claim that the court-appointed Monitor's report in *Worth* found that Worth was making "'actual delivery' consistent with Dodd-Frank. Again, Mintco distorts the facts as the Monitor, instead, specifically noted, that she "did not and does not intend to opine on the meaning of 'actual delivery' under Section 2(c)(2)(D)(ii)(III)(aa) of the CEA" as the Eleventh Circuit has now done in *Hunter Wise*. (*Worth*, Monitor's Report, ECF No. 120 at p. 3)

### 3. Collateral Estoppel Cannot be Asserted against the CFTC

Mintco's final argument is that Judge Ryskamp's ruling denying the motion to amend is "collateral estoppel on the issue of 'actual delivery.'" This argument is fundamentally flawed because of the black-letter law that non-mutual collateral estoppel cannot be asserted against the federal government, *United States v. Mendoza*, 464 U.S. 154, 162 (1984). Aware of this basic tenet, Mintco also contends that there is mutuality because it and the Worth Group are privies and, thus, collateral estoppel could still apply. However, Mintco cannot provide any support for its conclusory statement that it and Worth are "privies" and does not even attempt to define their substantive legal relationship with each other. Thus, Mintco has failed to satisfy their burden of demonstrating mutuality. *See Boston Edison Co. v. United States,* 64 Fed. Cl. 167, 185 (2005) ("[A] party seeking to estop the government from litigating an issue bears the burden of proving mutuality.").

### B. DEFENDANTS' MOTION SHOULD BE DENIED FOR VIOLATING LOCAL RULE 7.1(a)(3)

An independent basis for denying Defendants' Transfer Motion is their violation of Local Rule 7.1(a)(3). This rule requiring counsel to engage in pre-filing conferences provides, in relevant part, that:

> "[P]rior to filing any motion in a civil case [with certain exceptions not relevant here] counsel for movant shall confer (orally or in writing) or make a reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. . . At the end of the motion, and above the signature block, counsel for the moving party shall certify . . . that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so . . . Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

The Defendants supported their Transfer Motion by filing a "Certificate of Conference" above the signature block affirmatively stating: "Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in an identical case in a good faith effort to resolve the issues raised in the motion and has been unable to do so." Notably, the movant in this certification affirmatively states that such conference took place and a resolution could not be reached. In fact, Defendants' counsel never conferred with counsel for the CFTC about this Transfer Motion (orally or in writing) nor have they even attempted to do so.

The movant curiously strayed from this district's sample form certification for Rule 7.1 by inserting the phrase "in an identical case" without further explanation. The CFTC is left to speculate that the movant here may be referring to a *similar* motion to transfer filed by this same defense counsel on behalf of *different* clients in the *IMM* case that was brought by *other counsel* on behalf of the CFTC. The notion that a pre-filing conference in the *IMM* case about that motion to transfer, assuming that there was one, was effectively a conference to try to resolve issues with counsel in this case is absurd and an affront to these local rules. As this Circuit held in *Cheshire v. Bank of Am., NA,* 351 Fed. Appx. 386, 387 (11th Cir.), local rules have "the force of law" and should be followed.

WHEREFORE, the CFTC respectfully requests that the Defendants' "Motion to Transfer Related Case" be denied.

Dated:  December 15, 2015                        Respectfully submitted,

/s/ Susan B. Padove

Susan B. Padove
Senior Trial Attorney
Illinois ARDC # 0341649

Jon J. Kramer
Senior Trial Attorney
Illinois ARDC  # 6272560



David Terrell
Chief Trial Attorney
Illinois ARDC  # 6196293

Scott R. Williamson
Deputy Regional Counsel
Illinois ARDC # 06191293

Rosemary Hollinger
Regional Counsel
Illinois ARDC # 3123647


Attorneys for Plaintiff
Commodity Futures Trading Commission

525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0563 (Kramer)
(312) 596-0544 (Padove)
(312) 596-0546 (Terrell)
(312) 596-0560 (Williamson)
(312) 596-0520 (Hollinger)
(312) 596-0700 (office number)
(312) 596-0714 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2015, I filed the following documents:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO TRANSFER**

on the ECF system for the Southern District of Florida, which will cause a true and correct copy to be sent electronically to:

Peter W. Homer
Christopher J. King
Homer Bonner Jacobs
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
phomer@homerbonner.com
cking@homerbonner.com

                                            Susan B. Padove
                                            Senior Trial Attorney
                                            Illinois ARDC  No. 0341649
                                            (312) 596-0544
                                            spadove@cftc.gov
                                            Commodity Futures Trading Commission
                                            Division of Enforcement
                                            525 W. Monroe Street, Suite 1100
                                            Chicago, Illinois 60661
                                            (312) 596-0700 (office)
                                            (312) 596-0714 (facsimile)