UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 15-cv-61960-BB |
| v. | ) ) ) |
| MINTCO LLC, RICHARD Q. ZIMMERMAN, and STUART RUBIN, | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF
THEIR MOTION TO TRANSFER RELATED CASE**

In its published "Mission Statement," the CFTC claims to stand for "transparency," and against "fraud, manipulation, and abusive practices." Ignoring these high-minded commitments, the CFTC has in this case intentionally engaged in manipulative judge-shopping, and when confronted with a straight-forward motion to transfer this demonstrably related case to the lower-numbered case, has resorted to an unfortunate (and continuing) pattern of disingenuous omissions, half-truths and outright misrepresentations. This reply will briefly address the most material (but by no means all) of these CFTC transgressions, and demonstrate why this case should be transferred to Judge Ryskamp (subject, of course, to his agreement) as contemplated by Internal Operating Procedure 2.15.00 (C).

As a threshold matter, CFTC counsel conveniently ignores (and apparently hopes the Court will not hold them accountable for) their failure to comply with Local Rule 3.8's clear mandate:

> It <u>shall be the continuing duty</u> of the attorneys of record in every action or proceeding <u>to bring promptly to the attention of the Court and opposing counsel</u> the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures, as well as the existence of <u>any similar actions</u> or proceedings then pending before another court …. (Emphasis added).

Rule 3.8 goes on to require counsel to provide notice "by filing with the Court and serving on counsel a 'Notice of Pending, Refiled, Related or Similar Action.'" Counsel for the CFTC, intent on avoiding the experience they had with Judge Ryskamp in *CFTC v. Worth Group, Inc.*, et al., Case No. 13-cv-80796-KLR ("*Worth*"), <u>intentionally</u> failed to file the required Notice for the more than 60 days this case was pending before Defendants filed their motion to transfer related case. And this failure was not the CFTC's first. At the inception of this case, CFTC counsel <u>intentionally</u> left blank the "related case" section of the required Civil Cover Sheet (Form JS 44)[1], seeking to mislead this Court and bury the obvious connection to the *Worth* case.

And how does the CFTC now seek to justify this two-fold failure?[2] It has the temerity to argue it is Defendants who are engaging in "judge-shopping." IOP 2.15.00(C) was put in place to prevent judge-shopping. But that procedure is predicated upon counsel for a plaintiff disclosing a "related case" first on the Civil Cover Sheet and secondly in a mandated "Notice of Pending, Refiled, Related or Similar Action." Once apprised of a "related case," IOP 2.15.00(C) contemplates that "the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned." Without the required disclosure (which the CFTC intentionally failed to provide here),

---

[1] We stress "intentionally" because, as was pointed out in the original Motion to Transfer (Dkt #11 at page 3), CFTC counsel cannot credibly claim they do not know disclosure obligations under Local Rule 3.8. In *CFTC v. Intern'l Monetary Metals, et al*, Case No. 14-cv-62244-WJZ, counsel for the CFTC at least identified the *Worth* case pending before Judge Ryskamp as "related" on the civil cover sheet. Not so here – the "related case" section of the civil cover sheet was left blank.

[2] Counsel for the CFTC, like any other attorney practicing before this Court, has a duty of candor to the Court. *See, e.g.,* Florida Rule of Professional Conduct 4-3.3. Their repeated failure of candor to this Court, coupled with their unapologetic attempt to further mislead this Court, should result in a referral to the Professional Ethics Committee of this Court for disciplinary action.

the carefully calibrated safeguards against judge-shopping are undermined. And the irony is that when Defendants did what CFTC counsel was supposed (but intentionally failed) to do—notify the Court by motion that this later-filed case is "related" to the *Worth* case—CFTC counsel disingenuously accuse Defendants of doing exactly what the CFTC is actually doing—judge-shopping.

The CFTC then goes on argue that "Judge Ryskamp has entered an order closing his case—therefore, transfer would not promote judicial economy." But buried in a footnote (that the CFTC hopes this Court will overlook), the CFTC admits that the *Worth* case will have to be re-opened (and that Judge Ryskamp has indicated he will do so) if the Commissioners of the CFTC approve a proposed settlement. This footnote disclosure makes clear that, contrary to the argument in the body of the opposition brief, Judge Ryskamp's work in the *Worth* case is not at end. Whether the *Worth* case remains open or has been closed really does not matter. What matters is that Judge Ryskamp presided over the *Worth* for years, and he undoubtedly possesses intimate knowledge of Worth's operations and its delivery system (which is at the heart of this case). The facts in *Worth* and this case are inextricable, and transferring the case to Judge Ryskamp will indeed promote judicial economy.

The CFTC also argues that "all" the transactions at issue in this case are not also at issue in the *Worth* complaint. Our understanding is different, but in any event, there need not be an identity of transactions and issues. IOP 2.15.00 (c) is operative when the "subject matter" of a later filed case "is a material part of another action or proceeding" or, alternatively, if "for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge." The CFTC cannot, and does not, challenge the substantial overlap of factual and legal issues between the two cases. Nor can they argue with a straight face

that, given all that has occurred before Judge Ryskamp, judicial efficiency would not be served by transferring the case to his docket.

According to the CFTC, Judge Ryskamp's rulings in *Worth* do not negate the CFTC's attempted assertion of jurisdiction over Mintco's transactions. But that argument (which is flawed for reasons which will be demonstrated at the appropriate juncture) only drives home the common-sense judicial efficiency of having Judge Ryskamp assess the implications of his rulings in the *Worth* case.

The CFTC tries to minimize what the court-appointed Monitor in the *Worth* case did, and distorts what the Monitor actually reported. Instead of trying to summarize the exhaustive work done by the Monitor, we urge this Court to review the three (3) different reports of the Monitor at *Worth* Docket Nos. 75, 92, and 120. That review will reveal just how distorted the CFTC portrayal is in its opposition to the Motion to Transfer.

The CFTC maintains that rulings by Judge Ryskamp cannot operate to collaterally estop an agency of the federal government. That issue remains to be briefed on another day. But who better than Judge Ryskamp is in a position to make such a determination.

## CONCLUSION

For these reasons and those identified in the Motion to Transfer, Defendants Mintco LLC, Richard Q. Zimmerman, and Stuart Rubin respectfully request that, subject to the Judges conferring as contemplated by IOP 2.15.00(C), this related case be promptly transferred to Judge Ryskamp.

Respectfully submitted:

# HOMER BONNER JACOBS

*Attorneys for Defendants*
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone:  (305) 350-5192
Fax:  (305) 982-0069

By:  \_\_/s/ Peter W. Homer_____
      Peter W. Homer
      Florida Bar No.:  291250
      Email:  phomer@homerbonner.com
      Christopher J. King
      Email:  cking@homerbonner.com
      Florida Bar No.:  0123919

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on January 8, 2016 on all counsel or parties of record.

      \_\_/s/ Christopher King\_\_\_