**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  15-CIV-61960-BLOOM/Valle**

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

     Plaintiff,

v.

MINTCO LLC, RICHARD Q
ZIMMERMAN, and STUART RUBIN,

     Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendants Mintco LLC, Richard Zimmerman, and

Stuart Rubin's Motion to Dismiss, ECF No. [10], Defendants' Motion to Transfer Related Case,

ECF No. [11], Plaintiff's Motion to Strike, ECF No. [31], and Defendants' Cross-Motion for

Sanctions, ECF No. [34]. The Court has reviewed the Motions, all supporting and opposing

submissions, and the record in this case, and is otherwise fully advised as to the premises. For the

reasons set forth below, the Court denies the motions.

**I. BACKGROUND**

In July 2010, the Dodd-Frank Wall Street Reform and Consumer Protection Act

expanded the Commission's jurisdiction under the Commodities Exchange Act ("CEA") to

include financed commodity transactions with retail customers, including precious metals

transactions. *See* 7 U.S.C. § 2(c)(2)(D)(i); Compl., ECF No. [1] ¶ 2. Such transactions are subject

to certain enforcement provisions of the Act, including the requirement that they take place on an

exchange. *See id.* § 2(c)(2)(D)(iii); Compl. ¶ 2. But, if such transactions result in "actual

delivery" of the commodity within 28 days, they are exempted from the Commission's jurisdiction and also the requirement that the transactions take place on an exchange. *Id.* § 2(c)(2)(D)(ii)(III)(aa). Therefore, if an off-exchange retail financed precious metals transaction does not result in an "actual delivery" within 28 days, the transaction is illegal and the Commission is authorized to bring suit.

On September 16, 2015, the United States Commodity Futures Trading Commission ("Plaintiff," "Commission" or "CFTC") filed suit against Defendants Mintco LLC ("Mintco"), its Chief Executive Officer, Stuart Rubin, ("Rubin"), and President, Richard Q. Zimmerman ("Zimmerman") (collectively, "Defendants"). Plaintiff alleges that from July 16, 2011 through the present, Defendants purported to sell "physical" commodities, including gold, silver, platinum, and palladium, in storage ("retail commodity transactions"), often on a leveraged, margined, or financed basis ("financed transactions"), but also on a non-financed or "fully-paid" basis, to retail customers who were not eligible contract participants. Compl. ¶ 1. Plaintiff alleges that these financed transactions did not result in actual delivery of metal to customers and Defendants have thus entered into unlawful off-exchange precious metals transactions and failed to register as a futures commission merchant. *Id.* Plaintiff further alleges that Defendants have defrauded retail customers by misrepresenting and omitting to disclose material facts regarding the past performance of both the financed and fully paid transactions they marketed, the break-even point for the financed transactions they marketed, and the relationship between Mintco and retail customers in the financed and fully-paid transactions. *Id.*

Specifically, the Complaint alleges violation of Section 4(a) of the CEA for engaging in illegal off-exchange financed precious metal transactions (Count I); violation of Section 4(d) of the CEA for failing to register Mintco as a futures commission merchant (Count II); violations of

2

Sections 4b(a)(2)(A),(C) of the CEA for fraud by material misrepresentations and omissions with respect to financed transactions (Count III); and violations of Section 6(c)(1) of the CEA and Regulation 180.1(a), 17 C.F.R. § 180.1(a) for fraud by deceptive device or contrivance with respect to fully-paid transactions in stored metal (Count IV). Defendants move to dismiss Counts I and II of the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendants also move the Court to transfer this case to Judge Ryskamp, who is presiding over a lower-numbered related case, *CFTC v. Worth Group, Inc. et al.*, Case No. 13-cv-80796 ("*Worth*").

## II. MOTION TO DISMISS

### A.  Legal Standard

### i.    Rule 12(b)(6)

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

CASE NO.  15-CIV-61960-BLOOM/Valle

relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."  ); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

ii.    **Rule 12(b)(1)**

A court may dismiss a complaint when it lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

"[I]n a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). That is, the court may look beyond the four corners of the complaint so long as they relate to jurisdictional issues, hear conflicting evidence and decide the factual issues that determine jurisdiction. *Lawrence*, 919 F.2d at 1529; *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). Further, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

## B.  DISCUSSION

Defendants argue that Count I and II of the Complaint should be dismissed for two reasons—first, that collateral estoppel bars Plaintiff's allegations; and second, that actual delivery was made as a matter of law. As such, the Complaint states no cause of action for illegal precious metals purchases and the Court lacks subject matter jurisdiction over these claims. The Court addresses these matters in turn.

### i.    Collateral Estoppel

Defendants argue that "[t]his case represents [Defendant's] continuing efforts to try to litigate its way out of its formal rule interpretations . . . of 'actual delivery' under section 2(c)(2)(D) of the Commodity Exchange Act . . . and punish precious metals retailers who in good faith relied on those very interpretations." Mot. to Dismiss at 1. Specifically, Defendants refer to a related case in this district before Judge Ryskamp, *CFTC v. Worth Group, Inc., et al.*, 13-cv-80796. The defendant in that case, Worth, is a precious metals wholesaler. Defendants argue that the Commission, "[u]nable to spring its new interpretation of 'actual delivery' on Worth directly, . . . began going after Worth's retailers," including Mintco. Mot. to Dismiss at 3.

In *Worth*, the Commission sought leave to amend its complaint to allege that Worth was in violation of the "actual delivery" language in light of the Eleventh Circuit's decision in *CFTC v. Hunter Wise Commodities LLC*, 749 F.3d 967 (11th Cir. 2014). Denying the Commission's motion to amend its complaint, the Court held that the motion to amend, which was filed four months after the *Hunter Wise* decision, was untimely; that an amendment would prejudice the defendants by negating their investment in the case up to that point, including necessitating the re-review of hundreds of thousands of documents and rendering worthless the defendants' efforts to comply with the Corporate Monitor's recommendations; and that allowing the proposed

6

amendment would violate the defendants' right to fair notice. With regard to fair notice, the Court specifically noted that the defendants at the initiation of those proceedings argued that if the Commission sought to impose penalties based on Worth's delivery methods, it would violate due process rights. In response to these previous concerns, the Commission had assured the Court that there was no due process violation and that there was no dispute in that case regarding the meaning of actual delivery. The *Worth* Court held on the motion to amend that "[w]here [a plaintiff] itself concedes that it is changing its own prior interpretation of a statute based on its interpretation of a recent court opinion, it certainly cannot claim that the [defendants] had 'fair notice' that its conduct would be considered by [plaintiff] to be illegal under that statute." *Worth*, No. 13-cv-80796, slip op. at *6.

Defendants argue that Plaintiff is now barred by collateral estoppel from asserting jurisdiction premised on Worth's alleged failure to make "actual delivery" to Defendants' customers, an issue which Defendants insist was already decided in *Worth*.

Collateral estoppel, also known as issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Quinn v. Monroe Cty*, 330 F.3d 1320, 1328 (11th Cir. 2003). A party seeking to invoke collateral estoppel must demonstrate four elements: "(1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989). Further, there is a requirement of mutuality when a party seeks to invoke collateral estoppel against a government litigant. *See United States*

*v. Mendoza*, 464 U.S. 154, 160 (1984) ("[T]he government is more likely than any private party to be involved in lawsuits against different parties which nonetheless involve the same legal issues. A rule allowing nonmutual collateral estoppel against the government . . . would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue."). Mutuality is required when collateral estoppel is asserted against the government, whether asserted offensively or defensively. *See Hercules Carriers, Inc. v. Claimant State of Fla. Dep't of Transp.*, 768 F.2d 1558, 1579 (11th Cir. 1985) ("Nor do we see any substantive difference between nonmutual offensive collateral estoppel which the Supreme Court addressed [in *Mendoza*] and nonmutual defensive collateral estoppel.").

Collateral estoppel can be considered on a Rule 12(b)(6) motion where the grounds appear on the face of the complaint. *See Eisenberg v. City of Miami Beach*, 1 F.Supp.3d 1327, 1338 (S.D. Fla. 2014). Defendants argue that is the case here, as the Complaint incorporates the *Worth* proceedings, including the litigation over "actual delivery."

Defendants contend that the mutual requirement is met here because privity exists between Worth and Mintco. Mot. to Dismiss at 13-14 (citing *Citibank, N.A. v. Data Lease Fin. Corp*, 904 F.2d 1498, 1502-3 (11th Cir. 1990) (privity arises where "the relations between two parties are analogous to that of principal and agent," so that "a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action")). Defendants argue that Plaintiff's claim against Defendants is a class theory of derivative or vicarious liability and analogous to that of principal and agent—namely, that Worth's alleged failure to make "actual delivery"

subjects Mintco and the individual Defendants to liability and, conversely, if Worth establishes it made "actual delivery," retailers such as Mintco have a complete defense.

However, beyond these assertions, Defendants have not provided any support nor have they defined the substantive legal relationship between Worth and Mintco. "The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied." *Matter of McWhorter*, 887 F.2d at 1566. The Court cannot make a determination, at this stage of the pleadings, whether mutuality exists between Worth and Defendants Mintco, Rubin, and Zimmerman.[1] Because the issue of mutuality cannot be determined at this stage, Counts I and II are not precluded by collateral estoppel.

### ii.   Actual Delivery

Defendants argue in their Motion to Dismiss that even if collateral estoppel cannot be asserted to preclude Counts I and II, the Commission "states no cause of action for illegal precious metals purchases." Specifically, Defendants aver that Worth's and Mintco's transactions meet the Commission's interpretation of "actual delivery" and that the evidence is "overwhelming" that Worth satisfied the statutory requirement of "actual delivery." Plaintiffs correctly assert that disputing an allegation—that Defendants' transactions conducted through Worth did not result in actual delivery and were therefore illegal—cannot serve as the basis for a Rule 12(b)(6) motion, because a court must take well-pled allegations as true. Defendants' arguments indeed reach far beyond what this Court is required to consider and analyze on a motion to dismiss and are better suited for a motion for summary judgment. *See CFTC v.*

---

[1] Defendants also assert that this Court "can consider the evidence since collateral estoppel also determines Defendants' challenge to subject matter jurisdiction." Mot. to Dismiss at 11 (citing *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999) (under Rule 12(b)(1) a court need not accept allegations as true and can weigh the evidence)). The question of subject matter jurisdiction is addressed *infra*, but, even under a 12(b)(1) standard, the Court finds that Defendants have not met their burden of establishing mutuality at this stage of the pleadings.

CASE NO.  15-CIV-61960-BLOOM/Valle

*International Monetary Metals, Inc., et al.*, No. 14-cv-62244, slip op. (S.D. Fla. Aug. 28, 2015) ("The Court notes the legal issues raised by Defendants' [Motion to Dismiss] are more properly addressed in a Motion for Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.").

In their reply brief, ECF No. [27], Defendants also assert that Worth's "actual delivery" defeats this Court's subject matter jurisdiction. Specifically, Defendants maintain that this question of "actual delivery" is a jurisdictional one, going not just to the Commission's jurisdiction, but necessarily to this Court's. Plaintiff counters that Defendants' Motion amounts to an assertion that the Commission cannot bring this action under the CEA, not that this Court lacks subject matter jurisdiction and that challenges to an agency's authority to bring an action go to the agency's jurisdiction, not the court's power to adjudicate.

Under 28 U.S.C. § 1345, this Court has "original jurisdiction of all civil actions . . . commenced by the United States, or by an agency or officer thereof expressly authorized to sue by Act of Congress." The Commission is specifically empowered to adjudicate the Commission's actions to enjoin violations of or enforce compliance with the CEA pursuant to 7 U.S.C. § 13a-1(a). Further, district courts have original jurisdiction of all civil actions brought under federal law, including the CEA, pursuant to 28 U.S.C. § 1331. As such, this Court properly asserts subject matter jurisdiction over Plaintiff's claims.

Addressing Defendants' argument that the question of "actual delivery" speaks directly to this Court's jurisdiction, courts have found arguments that the Commission "lacks jurisdiction to a claim that there is no cause of action provided by the statute [is] an argument that at the motion to dismiss stage would be brought under Rule 12(b)(6), not Rule 12(b)(1)." *CFTC v. White Pine Trust Corp.*, 574 F.3d 1219, 1222 n.2 (9th Cir. 2009). Further, courts have also held

10

that challenges to an agency's authority to bring an action speak to the agency's jurisdiction, not the court's power to adjudicate. *See id.* ("The language of the CFTC statute, however, speaks in terms of jurisdiction. But this refers to the jurisdiction of the *CFTC.* While we adopt the statutory terms, we clarify that they speak only of the CFTC's power to bring its claims, not of the federal courts' jurisdiction to hear the case.").[2] Analysis of Defendants' "actual delivery" argument is, therefore, proper under the 12(b)(6) standard. However, as discussed *supra*, the Court denies Defendants' Motion to Dismiss for failure to state a claim.

Even if the Court were to analyze Defendants' "actual delivery" argument as a Rule 12(b)(1) factual attack—under which the presumption of truthfulness afforded a plaintiff under Rule 12(b)(6) does not attach and the court is free to weigh the evidence—the same results would prevail. A decision on this issue would reach deeply into the substance of the Complaint. "The argument against premature dismissal on 12(b)(1) grounds is particularly strong" where, as here, "the basis of jurisdiction is also an element of [Plaintiff's] cause of action on the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982). Indeed, "if an attack on subject matter jurisdiction also implicates an element of the cause of action, then [t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Garcia v. Copenhaver, Bell &*

---

[2] Defendants argue that other courts have read Section 2(c) of the CEA as a limitation on subject matter jurisdiction. In support of this contention, Defendants cite to *CFTC v. Zelener*, No. 03 C 4346, 2003 WL 22284295, at *1 (N.D. Ill. Oct 3, 2003) *aff'd*, 373 F.3d 861 (7th Cir. 2004) for the proposition that "the Court lacked jurisdiction over the case because the trading at issue did not involve futures contracts and thus the Commodity Exchange Act did not apply." The quotation used by Defendants, however, is drawn from the district court's discussion of that defendants' argument regarding jurisdiction. The court indeed noted that it was not clear whether this argument amounted to an actual challenge to the court's subject matter jurisdiction or simply an argument that the Commission could not state a claim under the statute. *See Zelener*, 2003 WL 22284295, at *2 ("It is not entirely clear to the Court whether this is actually a challenge to the Court's subject matter jurisdiction or simply an argument that the CFTC cannot state a claim under the statute which serves as the predicate for this lawsuit. But either way, it is undisputed that unless the CFTC can show that BCG was trading futures contracts, it cannot maintain this action.").

*Assoc., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotation and modifications omitted). "The question of jurisdiction and the merits of an action will be considered intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id* at 1262 (internal quotations and modifications omitted). Here, both the Court's federal question jurisdiction and Plaintiff's substantive claims arise from the CEA and the Court properly considers this objection as an attack on the merits of Plaintiff's case. Defendant's arguments with regard to whether its transactions satisfied "actual delivery," however, would be better suited for the Court to address and decide following full development of the record. Accordingly, Defendant's Motion to Dismiss Counts I and II is denied.

### III. MOTION TO TRANSFER

Defendants also move the Court to transfer this case to Judge Ryskamp, who is presiding over a lower-numbered related case, *CFTC v. Worth Group, Inc. et al.*, No. 13-cv-80796 ("*Worth*"). *See* ECF No. [11]. This Motion is made pursuant to this District's Local Rule 3.8 and Internal Operating Procedure 2.15.00(c). Defendants argue that the *Worth* case has already involved voluminous discovery, motion practice, appointment of a monitor, and rulings by Judge Ryskamp. Re-litigation of these matters, therefore, would result in unnecessary duplication of judicial effort and reward the Commission "for engaging in blatant forum shopping." Defendants urge that both cases involve the exact same transactions and that Judge Ryskamp is in a unique position to decide issues such as collateral estoppel and "actual delivery," making judicial labor in this case unnecessary.

The Southern District of Florida's Internal Operating Procedures provide that a proceeding involving "subject matter which is a material part of the subject matter of another

action or proceeding then pending before this Court, or for other reasons the disposition thereof appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned." S.D. Fla. IOP 2.15.00(c). "The decision to transfer an action to a different U.S. District Court Judge in the Southern District of Florida is wholly discretionary. . . . Defendants have no standing to dictate which judge should preside over [an] action." *S.E.C. v. Regions Bank*, No. 09-cv-22821, 2010 WL 3632769, at *3 (S.D. Fla. Sept. 1, 2010).

On November 20, 2015, the *Worth* case was closed. The Court entered an order granting the parties' motion to reopen the case on January 19, 2016 for the limited purpose of entering a proposed consent order. The consent order was entered and signed on January 29, 2016 by Judge Ryskamp, who then ordered the matter closed on February 1, 2016. Tin light of the posture of that case, this Court determines that transfer of this case is not appropriate.

### IV. MOTION TO STRIKE AND MOTION FOR SANCTIONS

Plaintiffs moves the Court to strike certain statements in Defendants' reply brief for purportedly constituting newly made arguments or factual misstatements "which threaten to both confuse consideration of Defendants' Motion to Dismiss and prejudice Plaintiff."

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no

possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); see *also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Regional Medical Center, Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction").

This Court agrees with Defendants that Plaintiff's claims as to newly made arguments and factual misstatements are without merit. Plaintiff's motion is an attempt to raise disagreements with Defendants' position akin to a sur-reply. Plaintiff's Motion to Strike is, accordingly, denied. However, the Court does not find that Plaintiff's Motion or any of its actions thus far in this matter rise to the level of sanctionability. Defendants' Cross-Motion for Sanctions, ECF No. [34], is equally denied.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, ECF No. [10], is **DENIED**.

2. Defendants' Motion to Transfer, ECF No. [11], is **DENIED**.

3. Plaintiff's Motion to Strike, ECF No. [31], is **DENIED**.

4. Defendants' Cross-Motion for Sanctions, ECF No. [34], is **DENIED**.

CASE NO.  15-CIV-61960-BLOOM/Valle

5.   Defendants shall file their Answer to the Complaint **no later than February 18,**

**2016.**

**DONE AND ORDERED** in Miami, Florida, this 4th day of February, 2016.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

15